NYBOR CORPORATION v. RAY'S RESTAURANTS, INCORPORATED, RAY GOAD AND WIFE GENEVA GOAD v. GEM OIL COMPANY

No. 7521SC806

(Filed 16 June 1976)

1. **Trial § 58— violation of parol evidence rule — nonjury trial — harmless error**

    Assuming that a corporate officer's testimony that the corporation did not assume a sublease when it purchased certain property violated the parol evidence rule, the admission of such testimony was harmless error where the case was heard by the court without a jury and the court based its adjudication of the rights of the parties entirely upon its judicial interpretation of the written instruments in question.

2. **Landlord and Tenant § 11— sublease conveying more than lessee's estate — sale "subject to" leases — obligations of purchaser**

    A purchaser of property whose deed was made "subject to" specified leases of record was not obligated under those provisions of a sublease so specified which purported to convey an estate of greater size and duration than the lessee possessed under its primary lease.

3. **Landlord and Tenant § 11— sublease conveying more than lessee's estate — breach of contract by lessee**

    A lessee of property was liable to the sublessee for breach of contract both as to the tenure of the sublease and as to the area conveyed where the sublease contained a warranty by the lessee that it had a right to lease the property in accordance with the terms therein, and the sublease purportedly granted to the sublessees the right to occupy a greater area and option rights for a longer term than the lessee had under its primary lease.

APPEALS by original defendants and by third-party defendant from *Walker, Judge.* Judgment entered 26 June 1975 in

Nybor Corp. v. Restaurants, Inc.

Superior Court, FORSYTH County. Heard in the Court of Appeals 9 February 1976.

Action for a declaratory judgment. The following facts are established by the pleadings and stipulations of the parties.

In 1961 Alma Grubb, plaintiff's predecessor in title, owned a tract of land in Winston-Salem fronting on the east side of old U. S. Highway 52 and having a depth of several hundred feet. By instrument dated 15 May 1961, recorded in the Office of the Register of Deeds of Forsyth County in Deed of Trust Book 824, page 154, she leased a particularly described portion of her land, being a tract fronting on the highway and having a depth of 125 feet, to Gem Oil Company, a North Carolina Corporation, for a term running to and including 30 April 1976, at a rental of $220.00 per month. The lease provided that Gem should have "the right to sub-let all, or any part, of the said premises without the consent or approval" of Alma Grubb.

By instrument dated 7 July 1965 recorded in Deed of Trust Book 965, page 110, Gem Oil Company executed a sublease to Ray Goad, Incorporated and to Ray Goad and wife, Geneva Goad. (The rights of all of these sublessees were later consolidated, by assignment, in the defendant, Ray's Restaurants, Incorporated, and the Sublessees will hereinafter be referred to as "Ray's.") The sublease contract particularly described the property covered thereby as a tract fronting on the highway and having a depth of 150 feet (25 feet greater than had been granted by the 15 May 1961 lease from Grubb to Gem). The term of the sublease commenced on 1 October 1965 and continued for a period of ten years thereafter at a rental of $500.00 per month. Paragraph 17 of the sublease provided that the sublessees should have an option to renew for an additional period of ten years at a rental of $650.00 per month by giving written notice of intention to renew at least six months prior to the end of the first term.

When the 15 May 1961 lease from Grubb to Gem and when the 7 July 1965 sublease from Gem to Ray's were executed, Alma Grubb was the president, a director, and owner of 10 percent of the stock in Gem. Gem's execution of both instruments was accomplished by Grubb, in her capacity as president, signing in the name of Gem and by the attestation of the corporate secretary of Gem.

By deed dated 29 October 1971 Alma Grubb sold and conveyed in fee simple her entire property fronting on the east side of old U. S. Highway 52 to Nybor Corporation, the plaintiff in this action. Immediately after the description of the property conveyed, this deed contains the following:

> "This conveyance is made subject to leases of record as recorded in Deed of Trust Book 824, Page 154 and Deed of Trust Book 965, Page 110, Office of the Register of Deeds of Forsyth County, N. C. Grantors do also hereby sell, convey, and assign all of their right, title and interest in the lease between Alma Grubb and Gem Oil Company, recorded in said Deed of Trust Book 824, Page 154, to the Grantee herein."

Both the habendum and warranty in the deed were made "subject to leases hereinbefore referred to."

Plaintiff brought this action on 18 January 1974 against the original defendants, seeking a determination of the rights of the parties under the foregoing instruments. Plaintiff alleged that Ray's had no right to continue to use the rear or easternmost 25 feet of the property described in the sublease from Gem to Ray's and that the option contained in paragraph 17 of the sublease was invalid as against the plaintiff. The original defendants answered, alleging they were entitled to continue to occupy the entire property described in the sublease, including the rear 25 feet, and that the option contained in paragraph 17 of the sublease was valid. (Ray's later gave timely written notice both to plaintiff and to Gem of exercise of its option rights under paragraph 17.)

The original defendants also joined Gem as third party defendant, in their third party complaint praying that in event the court should determine the principal action in favor of plaintiff, the court then determine Ray's rights against Gem. Gem answered the third party complaint and joined in the prayer that the court construe the documents set forth in the original complaint. Gem prayed that the court adjudge that the original defendants have all of the rights set out in the sublease dated 7 July 1965.

The case was heard by the court without a jury upon the pleadings, stipulations, exhibits, and oral testimony. Defendants introduced depositions which tended to show that before

plaintiff Nybor purchased this property from Alma Grubb, all parties concerned were aware that the land subleased to Ray's exceeded the land originally leased to Gem by 25 feet. Frank Holton, Jr., attorney for Alma Grubb, testified on deposition that he believed, but was not certain, that "some discussion was made that the purchase price was lower because of that [the discrepancy in the two leases]." Plaintiff offered evidence that an amendment to the lease from Alma Grubb to Gem was prepared on 29 September 1966 in which the property leased to Gem would be made identical with the property subleased to Ray's, but Alma Grubb never signed this amendment. James C. Bethune, Jr., an officer of Nybor, testified that plaintiff never agreed to assume the sublease.

The court entered judgment that the original defendants had no rights in the 25 feet which was in excess of the land described in the lease from Alma Grubb to Gem or with respect to the option contained in the sublease. Plaintiff, Nybor Corporation, was relieved of all obligations under both the lease and sublease from and after 30 April 1976. The third-party defendant, Gem Oil Company, was held legally obligated to Ray's for breach of its obligation set forth in the sublease to the extent as may be determined in further proceedings.

From this judgment the original defendants and the third-party defendant appealed.

*Blackwell, Blackwell, Canady, Eller & Jones by Jack F. Canady and Hudson, Petree, Stockton, Stockton & Robinson by J. Robert Elster and C. P. Craver, Jr. for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by W. P. Sandridge, Jr. for defendant appellants.*

*Grubb and Penry by Robert L. Grubb for third-party defendant appellant.*

PARKER, Judge.

[1] Appellants first assign as error that the court overruled their objections to the testimony of James C. Bethune, Jr., an officer of plaintiff Nybor Corporation, to the effect that Nybor, in buying the property and accepting the deed from Grubb, did not agree to assume the sublease. Appellants contend admission of this evidence violated the parol evidence rule. This case was heard by the court without a jury. The trial court made no find-

ing of fact based upon the challenged evidence, but based its adjudication of the rights of the parties entirely upon its judicial interpretation of the legal effect of the written instruments here involved and not on any testimony outside of those instruments as to what any of the parties may have intended. Thus, the error complained of in appellants' first assignment of error did not affect the judgment appealed from, and if error occurred, appellants suffered no harm.

[2] Appellants' second assignment of error challenges the court's conclusion of law and its adjudication that plaintiff, Nybor, is not bound to honor any rights purportedly granted to the sublessees in the 7 July 1965 sublease from Gem to Ray's which were in excess of the rights held by Gem under the 15 May 1961 lease from Grubb to Gem. Appellants contend that the language in the 29 October 1971 deed by which Nybor acquired title, which made that conveyance "subject to" the specified leases of record, so qualified the fee granted as to make it subordinate to all rights purportedly granted by Gem to its subleases, including the rights to occupy an area greater and option rights for a term longer than Gem, as lessee, had under its lease from Grubb. We do not agree.

Looking at the language of the deed and finding it to be clear and unambiguous, we hold the trial court was correct in its determination that plaintiff, Nybor was not obligated to defendant Ray's under those provisions of defendants' sublease from Gem which purported to convey an estate of greater size and duration than Gem possessed under its primary lease from Grubb. Ray's gained no additional rights under the invalid portions of its sublease. "In general, the rights of a subtenant are measured by those of his sublessor. A sublessee can in no event have any greater rights against the lessor than were given by the original lease to the lessee." 51C C.J.S., Landlord & Tenant, § 48(1), p. 140. The words "subject to leases of record," as found in the deed accepted by Nybor, cannot be construed to give validity to rights purportedly granted to defendants which their sublessor, Gem, had no power to convey. "[T]he rights of an earlier grantee to which a later grant is expressed to be subject to are neither abridged nor enlarged by the later grant." 23 Am. Jur. 2d, Deeds, § 217, p. 262. The words "subject to" imposed upon Nybor the burden of recognizing only those rights under the lease and sublease which were already valid and

enforceable and did not by implication or otherwise grant to the sublessees rights which they did not then hold.

[3] In addition, the third-party defendant, Gem, contends the judgment of the trial court was in error in its holding that Gem was liable to the original defendants for breach of its contract and obligation both as to tenure of the sublease and as to the area conveyed. We find no error in the court's adjudication in this regard. The following language appears in the sublease from Gem to Ray's:

> "16A. The LANDLORD warrants that it has a right to lease the premises described herein in accordance with the terms and options set forth herein."

This contract language is, in and of itself, sufficient to support the judgment in favor of the original defendants as against the third-party defendant.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.